

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
95 S STATE STREET, SUITE 2500
SALT LAKE CITY, UT 84111
801.401.8900 TEL
385.799.7576 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
801.401.8922
djordan@foley.com

CLIENT/MATTER NUMBER
132752-0104

February 4, 2025

**Via Email & Federal Express**

Christopher M. Wolpert
Clerk of the Court
clerk@ca10.uscourts.gov
U.S. Court of Appeals for the Tenth Circuit
Byron White Courthouse
1823 Stout Street
Denver, CO 80257

Re: *Gaddy, et al. v. Corporation of the President of The Church of Jesus Christ of Latter-day Saints*, Court of Appeals Case No. 23-4110 / Notice of Supplemental Authority

Dear Clerk of the Court:

The Church submits as supplemental authority a recent decision in *Huntsman v. Corp. of the President of The Church of Jesus Christ of Latter-day Saints,* Case No. 21-56056 (9th Cir. Jan. 31, 2025) (the "Opinion"). Huntsman complained about the Church's use of funds related to City Creek and Beneficial Life. He pointed to an announcement about the City Creek project in 2003 wherein President Hinckley stated, "[T]ithing funds have not and will not be used to acquire this property. Nor will they be used in developing it for commercial purposes." Instead, he stated that funds would come from "commercial entities" and "earnings of invested reserve funds." Opinion at 14.

Appellants raise the same allegations in the Second Amended Complaint about City Creek and Beneficial Life. Opening Brief at 47; Second Amended Complaint ¶ 237. The Church responded to these allegations in its Response Brief and at oral argument. Response Brief at 33-34. Unlike Appellants in this case, Huntsman did not assert any claims related to the Church's religious teachings or its history. Instead, his claim was exclusively focused on the use of tithing funds for alleged commercial purposes.

In an *en banc* decision, the Ninth Circuit unanimously held that the Church was entitled to summary judgment. The majority explained that "no reasonable juror could conclude that the Church misrepresented the source of funds for the City Creek project" and that Huntsman failed

| | | | | |
|---|---|---|---|---|
| AUSTIN | DETROIT | MEXICO CITY | SACRAMENTO | TALLAHASSEE |
| BOSTON | HOUSTON | MIAMI | SALT LAKE CITY | TAMPA |
| CHICAGO | JACKSONVILLE | MILWAUKEE | SAN DIEGO | WASHINGTON, D.C. |
| DALLAS | LOS ANGELES | NEW YORK | SAN FRANCISCO | BRUSSELS |
| DENVER | MADISON | ORLANDO | SILICON VALLEY | TOKYO |

4938-4793-8838.2


**FOLEY & LARDNER LLP**

Clerk of the Court
U.S. Court of Appeals for the Tenth Circuit
February 4, 2025
Page 2

to identify any "specific statements made by the Church about the source of funds for Beneficial Life." Opinion at 13-18. In concurring opinions, five judges opined that Huntsman's claims were barred by the First Amendment. They explained: "Nothing says 'entanglement with religion' more than Huntsman's apparent position that the head of a religious faith should have spoken with greater precision about inherently religious topics, lest the Church be found liable for fraud."

Appellants' case suffers similar problems. Their fraud claims based on President Hinckley's statement fail for the same reasons articulated by the Ninth Circuit. They also fail under church autonomy for the reasons explained by the five concurring judges.

Sincerely,

David J. Jordan

cc:   Kay Burningham: kay@kayburningham.com
      Noel John Francisco: njfrancisco@jonesday.com
      Samuel V. Lioi: slioi@jonesday.com
      Justin Miller: jmiller@schaerr-jaffe.com
      David Timothy Raimer: dtraimer@jonesday.com
      Eric C. Rassbach: erassbach@becketlaw.org
      Gene C. Schaerr: gschaerr@schaerr-jaffe.com
      James Cleith Phillips: jphillips@schaerr-jaffe.com
      Wesley F. Harward: wharward@foley.com