No. 23-4110

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

LAURA A. GADDY; LYLE D. SMALL; LEANNE R. HARRIS,
individually and on behalf of all others similarly situated,
Plaintiffs–Appellants,

v.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS,
a Utah corporation sole,
Defendant–Appellee.

Appeal from the United States District Court for the District of Utah (D.C. No. 2:19-cv-00554-RJS)

## MOTION TO RECALL THE MANDATE AND STAY FURTHER PROCEEDINGS PENDING FILING OF PETITION FOR WRIT OF CERTIORARI

Filed pursuant to Fed. R. App. P. 41; CTA10 Rule 41.1(B)

Kay Burningham, Attorney at Law
Counsel for Appellants
299 S. State Street, Wells Fargo Bank Building # 1375
Salt Lake City, Utah 84111
888.234-3706
kay@kayburningham.com

# INTRODUCTION AND RELIEF REQUESTED

Pursuant to Fed. R. App. P. 41(d)(2) and CTA10 Rule 41.1(B) and this Court's inherent authority, Appellants respectfully move to recall the mandate, which issued on October 9, 2025, and to stay further proceedings pending the filing and disposition of their forthcoming Petition for Writ of Certiorari in the Supreme Court of the United States.

Appellants will file their petition for certiorari on or before December 30, 2025—within the 90-day window prescribed by Supreme Court Rule 13.3 following this Court's denial of rehearing en banc on October 1, 2025. This motion is necessary to preserve the status quo and protect the Supreme Court's prospective jurisdiction over the constitutional issues presented by this case.

# PROCEDURAL BACKGROUND

On September 10, 2025, a three-judge panel of this Court affirmed dismissal of Appellants' claims against the Corporation of the President of the Church of Jesus Christ of Latter-day Saints ("COP"). Appellants timely petitioned for rehearing en banc, which the Court denied on October 1, 2025. The mandate issued on October 9, 2025, thereby returning jurisdiction to the district court. Appellants now move to recall the mandate and stay further proceedings pending the filing of their petition for writ of certiorari.

# GOVERNING LEGAL STANDARD

Under Fed. R. App. P. 41(d)(2)(A), a party may move to stay the mandate pending the filing of a petition for writ of certiorari, and the motion must show both (1) a substantial question for Supreme Court review and (2) good cause for a stay.

Although issuance of the mandate ordinarily ends this Court's jurisdiction over the appeal, the Court retains inherent, residual authority to recall its mandate in extraordinary circumstances. This power derives from the Court's supervisory control over its own judgments and is expressly recognized in Calderon v. Thompson, 523 U.S. 538, 549–50, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998), and Scripps-Howard Radio v. F.C.C., 316 U.S. 4, 9–10, 62 S. Ct. 875, 86 L. Ed. 1229 (1942).

Even after the mandate issues, this Court retains inherent power to recall it to protect the Supreme Court's prospective jurisdiction and prevent injustice. Scripps-Howard Radio v. FCC, 316 U.S. 4, 9–10 (1942). A recall and stay are appropriate where the petition presents a serious constitutional issue and the equities favor preserving the status quo pending review. This Court has the inherent authority to recall the mandate issued today in order to *"…prevent an injustice, or to preserve the integrity of the judicial process."* (Citations omitted) Coleman v. Turpen, 827 F.2d 667, 671 (10th Cir. 1987)

Because Appellants seek recall for the limited purpose of preserving the Supreme Court's jurisdiction pending the filing of their writ of certiorari petition, this Court has clear and continuing authority to grant the requested relief.

## ARGUMENT

### A. The Petition Will Present a Substantial Federal Question

Appellants' forthcoming petition raises a question of national importance: Whether the First Amendment's church-autonomy doctrine bars civil fraud claims predicated on a religious organization's intentional concealment and misrepresentation of material historical facts to induce and retain membership and donations.

This issue implicates a direct conflict among federal and state courts regarding the intersection of religious-autonomy principles and neutral-principles fraud claims. The Tenth Circuit's opinion in this case extends the church-autonomy doctrine beyond its historical and constitutional limits, effectively immunizing a religious corporation from liability for secular deceit. That question satisfies the "substantial" threshold under Rule 41(d)(2) and warrants Supreme Court review.

## B. Equitable Considerations Favor Recall and Stay

The equities weigh heavily in favor of preserving the status quo for approximately 80 days—through the filing and disposition of the certiorari petition—particularly where the case presents unresolved First Amendment questions of nationwide significance. A brief stay will not prejudice Appellees, but it will protect both the parties and the Supreme Court's jurisdiction. Scripps-Howard Radio v. F.C.C., 316 U.S. 4, 9–10, 62 S. Ct. 875, 880, 86 L. Ed. 1229 (1942) "It has always been held, therefore, that, as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." (Citations omitted) Id.

## C. Extraordinary Circumstances Justify Recall of the Mandate

Arguably the Mandate's issuance is ministerial and does not defeat certiorari jurisdiction. However, there is a possibility that the Supreme Court could find Appellants' intended Petition for Writ of Certiorari moot if the Mandate is not recalled. Finally, there is "good cause" to stay the Court's mandate. Fed. R. App. P. 41(d)(2)(A). Good cause is established based on the "equities in the case." Knibb, *Federal Court of Appeals Manual* § 34:13, at 924 (6th ed. 2013). The equities here support maintaining the status quo for the few months necessary for the Supreme Court to decide Appellant's certiorari petition.

Because the mandate issued on October 9, 2025, Appellants seek recall under the Court's inherent authority. The extraordinary constitutional nature of the questions presented, and the interests of justice in Appellants' ability to petition the Supreme Court for a writ of certiorari, together with Appellants' diligence in seeking immediate relief, once the mandate was issued, constitute good cause and "exceptional circumstances" within the meaning of Calderon, 523 U.S. at 550.

## CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, Appellants respectfully request that this Court:

1. Recall its mandate issued October 9, 2025; and

2. Stay further proceedings pending the filing and disposition of Appellants' Petition for Writ of Certiorari, which will be filed on or before December 30, 2025.

Dated: October 9, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Kay Burningham

　　　　　　　　　　　　　　　　　　Kay Burningham
　　　　　　　　　　　　　　　　　　Attorney for Appellants
　　　　　　　　　　　　　　　　　　299 S. Main St. #1375
　　　　　　　　　　　　　　　　　　Wells Fargo Bank Bldg.
　　　　　　　　　　　　　　　　　　Salt Lake City, Utah 84111
　　　　　　　　　　　　　　　　　　Tel: (888) 3234-3706
　　　　　　　　　　　　　　　　　　Email: kay@kayburningham.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I electronically filed the foregoing Motion to Recall the Mandate and Stay Further Proceedings Pending Filing of Petition for Writ of Certiorari with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the CM/ECF system, which will send notice of such filing to all counsel of record.

*/s/ Kay Burningham*

Kay Burningham, Attorney for Appellants
