# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

| | |
|---|---|
| LAURA A. GADDY, LYLE D. SMALL, and LEANNE R. HARRIS, individually, and on behalf of all others similarly situated,<br><br>　　　　Appellant,<br><br>　v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br><br>　　　　Appellee. | Case No. 23-4110 |

**APPELLEE'S OPPOSITION TO APPELLANTS' "MOTION TO EXCEED 13,000 WORD LIMIT FOR THEIR PRINCIPAL BRIEF" AND "CORRECTED APPELLANTS' MOTION TO EXCEED 13,000 WORD LIMIT FOR THEIR PRINCIPAL BRIEF"**

David J. Jordan
djordan@foley.com
Wesley F. Harward
wharward@foley.com

FOLEY & LARDNER LLP
95 S. State Street, Suite 2500
Salt Lake City, UT  84111
Tel:  (801) 401-8900
Fax:  (385) 799-7576

**Counsel for Appellee/Respondent**

4881-4438-6436.2

Pursuant to Rule 28 of the Federal Rules of Appellate Procedure, Appellee Corporation of the President of The Church of Jesus Christ of Latter-day Saints (the "Church") hereby opposes Appellants Laura Gaddy, Lyle Small, and Leanne Harris's (jointly, "Gaddy") "Appellant's Motion to Exceed 13,000 Word Limit for Their Principal Brief" and "Corrected Appellant's Motion to Exceed 13,000 Word Limit for Their Principal Brief"[1] (jointly, the "Motion").

Ms. Gaddy requests that this Court permit her to file an overlength brief. Specifically, she asks the Court to permit a 50% increase in the word limit to a total of 19,500 words. The Motion does not meet this Court's standard. It should be denied.

The Tenth Circuit Rules specifically provide "**Motions to exceed word counts are disfavored.** Motions to exceed the word count will be denied unless extraordinary and compelling circumstances can be shown." 10th Cir. R. 28.3(A) (emphasis in original).

Ms. Gaddy has shown neither "extraordinary" nor "compelling" circumstances. Ms. Gaddy's case was dismissed at the pleading stage.

---

[1] Gaddy filed her "Corrected" Motion the day after she filed the original. Based on a the "Errata" filing by Ms. Gaddy, it appears that the only changes were to the "outline" her counsel attached as an exhibit to the Motion. Accordingly, the Church makes no distinction between those two filings in this opposition.

Accordingly, there is no lengthy or complicated factual record on appeal. Instead, the only record are the filings before the district court and that court's rulings.[2] There is no reason why a plaintiff should need more than 13,000 words to brief the issue of whether her claims were properly *pleaded*.

The Church's original Motion to Dismiss (Docket 2) was less than 4300 words. And the Church's final Motion to Dismiss Second Amended Complaint (Docket 111) was less than 7000 words—the majority of which were devoted to analyzing whether the Second Amended Complaint[3] suffered from the same constitutional defects as the prior complaints (they did). There is no reason why Ms. Gaddy requires more than 13,000 words to present her appeal.

It appears that Ms. Gaddy's sole basis to support her claim that this appeal involves "extraordinary and compelling circumstances" is her counsel's draft "outline" attached as an Exhibit. *See* Motion at 5. This is improper for at least two reasons. First, it essentially asks this Court to wade through over

---

[2] Ms. Gaddy was given multiple attempts to replead her claims after the Court issued successive orders dismissing her claims without prejudice. Each attempt to replead was met by another motion to dismiss by the Church largely on the same grounds. Thus, despite the fact that several motions were filed, the issues remain the same.

[3] The term "Second Amended Complaint" was a misnomer. This was in fact the *ninth* version of a complaint prepared by Ms. Gaddy's counsel. And it was 203 pages long—*excluding exhibits*. (Docket 110).

4881-4438-6436.2

5000 words of "outline" in an attempt to determine whether an *additional* 19,500 words should be permitted. This simply shifts the burden from Ms. Gaddy to the Court. Second, this is an improper attempt to advance substantive legal argument about the issues on appeal outside the briefing conventions set forth in Rule 32 of the Federal Rules of Appellate Procedure.[4] Ms. Gaddy should not be permitted to advance thousands of words of substantive legal argument on the merits in the guise of requesting additional length for her own primary brief.

    Finally, the Church notes that even if this Court were inclined to review the over 4000 word "outline," that outline demonstrates why additional words would *not* be helpful. The outline (including the original and "corrected" version) is itself confusing and repetitive. Additional words will only unnecessarily muddy the issues. Accordingly, the Church requests that this Court deny the Motion.

---

[4] Needless to say, the Church disagrees with Ms. Gaddy's characterizations of the facts, the issues on appeal, and District Court's ruling. But now is not the time to address the substantive legal issues. The Church will do so in its substantive brief in compliance with Rule 32 of the Federal Rules of Appellate Procedure.

DATED: November 16, 2023.

        Respectfully submitted,

        */s/ David J. Jordan*
        David J. Jordan (UT State Bar #1751)
        djordan@foley.com
        Wesley F. Harward (UT State Bar #15623)
        wharward@foley.com
        FOLEY & LARDNER LLP
        95 S. State Street, Suite 2500
        Salt Lake City, UT 84111
        Telephone: (801) 401-8900

        *Attorneys for Appellee/Respondent Corporation of the President of The Church of Jesus Christ of Latter-day Saints*

4881-4438-6436.2

## CERTIFICATE OF SERVICE

I, David J. Jordan, Attorney for Appellee/Respondent Corporation of the President of The Church of Jesus Christ of Latter-day Saints, hereby certify that on November 16, 2023, I caused a true and correct copy of the foregoing **APPELLEE'S OPPOSITION TO APPELLANTS' "MOTION TO EXCEED 13,000 WORD LIMIT FOR THEIR PRINCIPAL BRIEF" AND "CORRECTED APPELLANTS' MOTION TO EXCEED 13,000 WORD LIMIT FOR THEIR PRINCIPAL BRIEF"** to be served by email via the Court's ECF system upon the following:

>   Kay Burningham
>   Kay Burningham, Attorney at Law
>   299 S. Main Street, Suite 1375
>   Salt Lake City, Utah 84111
>   kay@kayburningham.com
>
>   *Attorney for Laura A. Gaddy, Lyle D. Small,*
>   *and Leanne R. Harris, and on Behalf of*
>   *All Others Similarly Situated*

                                                    */s/ David J. Jordan*

4881-4438-6436.2