No. 23-4110

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

Laura A. Gaddy; Lyle D. Small; Leanne R. Harris,
individually and on behalf of all others similarly situated,

*Plaintiffs-Appellants*,

v.

The Corporation of the President of the Church of
Jesus Christ of Latter-Day Saints, a Utah corporation sole,

*Defendant-Appellee*

and

Does 1–50,

*Defendant.*

On Appeal from the United States District Court
for the District of Utah; No. 2:19-CV-00554-RJS,
Hon. Robert J. Shelby, Chief U.S. District Judge

**UNOPPOSED MOTION OF *AMICI CURIAE*
GENERAL CONFERENCE OF SEVENTH-DAY ADVENTISTS,
NATIONAL ASSOCIATION OF EVANGELICALS AND
JEWISH COALITION FOR RELIGIOUS LIBERTY FOR
LEAVE TO PARTICIPATE IN ORAL ARGUMENT**

Gene C. Schaerr
James C. Phillips
Justin A. Miller
Schaerr | Jaffe LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com

*Counsel for Amici Curiae*

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), and this Court's Docket Order of June 25, 2024, *Amici Curiae* General Conference of Seventh-Day Adventists, National Association of Evangelicals, and Jewish Coalition for Religious Liberty respectfully move to participate in oral argument of this appeal, scheduled for September 23, 2024. *See* Docket Order (June 25, 2024).

As religious organizations, *Amici* have a substantial interest in this appeal—which is why, notwithstanding the weakness of the Plaintiffs' case, they filed a brief in support of Defendant-Appellee Corporation of the President of The Church of Jesus Christ of Latter-day Saints. Fundamentally, this is a case about theological disagreements between the leaders and disaffected members of a church. And *Amici* firmly believe federal courts are no place for such religious disputes—which are barred by both the First Amendment and the Religious Freedom Restoration Act (RFRA). Further, this case will affect all religious organizations within the Tenth Circuit as there is nothing unique to the claims against Defendant-Appellee—claims that, if allowed to proceed here, would also threaten the rights of other religious organizations under the First Amendment and RFRA.

Moreover, *Amici Curiae* are well positioned to assist the Court in analyzing the issues presented in this appeal. *Amicus* General Conference of Seventh-day Adventists is the national administrative body for the Seventh-day Adventist

Church, a Protestant Christian denomination with more than 22 million members. *Amicus* National Association of Evangelicals is the largest network of evangelical churches, denominations, colleges, and independent ministries in the United States—serving forty member denominations as well as numerous evangelical associations, missions, social-service charities, colleges, seminaries, and independent churches.  *Amicus* Jewish Coalition for Religious Liberty is an incorporated group of rabbis, lawyers, and professionals who practice Judaism and are committed to defending religious liberty.

*Amici* submit this motion to participate in oral argument because their brief provided insights beyond those provided by the parties as to the First Amendment concerns raised by Plaintiffs' failed attempt to plead a claim against a religious organization under the Racketeer Influenced and Corrupt Organizations Act (RICO) statute. *Amici* are also prepared to explain why RFRA prohibits applying RICO here—a point that gives the Court an alternative, statutory ground for affirming.

In addition, lead counsel for *Amici Curiae*, Gene Schaerr, is well qualified to present this material to assist the Court.  Mr. Schaerr served as law clerk to Chief Justice Warren Burger and Justice Antonin Scalia on the U.S. Supreme Court, later served as Associate Counsel to the President in the White House of President George H.W. Bush, and has argued seven cases before the Supreme Court, in addition to numerous cases in the courts of appeals and district courts.

Given these interests, *Amici*'s counsel's extensive oral argument experience, and the fact "that amici's contentions illuminate the contours of the parties' respective positions or explicate the real-world . . . implications of the legal issues before us we consider them," *Hooper v. City of Tulsa*, 71 F.4th 1270, 1273 n.2 (10th Cir. 2023) (citation omitted), *stay of mandate denied mem.*, 143 S. Ct. 2556 (2023), *Amici* now request leave to participate in the oral argument of this appeal and believe their participation will be helpful to the Court.

Counsel for Defendant-Appellee consent to this motion and have agreed to cede three minutes of oral argument time to *Amici*. The participation of *Amici* at oral argument thus will not affect the overall time allotted for this case.

Additionally, Plaintiffs-Appellants' counsel does not oppose the motion. Further, the parties will suffer no prejudice from participation by *Amici* in oral argument: *Amici* have presented their arguments in a brief already filed with the Court, and participation in oral argument will therefore not involve any element of surprise.

For all these reasons, *Amici Curiae* respectfully request leave to participate in the oral argument of this appeal.

Dated: July 5, 2024                    Respectfully submitted,

*/s/ Gene C. Schaerr*
Gene C. Schaerr
James C. Phillips
Justin A. Miller
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
gschaerr@schaerr-jaffe.com

*Counsel for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

In accordance with Rule 32(g) of the Federal Rules of Appellate Procedure, I certify that this motion:

(i) complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 638 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f), as determined by the word counting feature of Microsoft Word; and

(ii) complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared using Microsoft Office Professional 2016, set in Times New Roman 14-point font.

Dated: July 5, 2024

                                                  */s/ Gene C. Schaerr*
                                                  Gene C. Schaerr

## CERTIFICATE OF DIGITAL SUBMISSION

I hereby certify that with respect to the foregoing motion:

(1)    all required privacy redactions have been made per 10th Cir. R. 25.5;

(2)    if required to file additional hard copies, that the ECF submission is an exact copy of those documents;

(3)    the digital submissions have been scanned for viruses with the most recent version of Microsoft Defender, a commercial virus scanning program, and according to the program are free of viruses.

Dated: July 5, 2024

*/s/ Gene C. Schaerr*
Gene C. Schaerr